UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-159-FDW

| | |
|---|---|
| JEROME THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| AVERY-MITCHELL CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 5).

**I.    BACKGROUND**

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for an incident that occurred at the Avery-Mitchell Correctional Institution where he is still incarcerated. Plaintiff names as Defendants the Avery-Mitchell Correctional Institution, Correctional Officer Henderson, Mr. Walldroop, Sergeant on Duty, and Captain on Duty.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff has high blood pressure and gout. He went to dinner on April 23, 2018, at approximately 4:30 PM and was waiting for an elevator to go to a class for 15 minutes. A sergeant and lieutenant was within his view so they knew he was waiting that long for the elevator. The officer who controls the elevator saw a few employees and allowed them to go to the gate immediately. After 15 minutes, Plaintiff rode the elevator to the educational floor. An officer has to call and log every time the elevator is used. When Plaintiff got off on the educational floor, he was told there was no class that night so he called for the elevator to come back. It arrived and Plaintiff got on immediately so there was no

1

malfunction. The elevator went downstairs then was turned off or stopped because it became silent. Plaintiff waited for 15 minutes and began having chest pain, shortness of breath, and a panic attack. He fell on the elevator floor and passed out for an unknown length of time. He stood back up for two or three minutes and passed out again. Plaintiff started pressing buttons frantically and shouting as loud as possible but nobody responded for a few more minutes.

The elevator sent Plaintiff back upstairs and Henderson saw that he was stuck in the elevator and distraught, crying and sweating profusely. Plaintiff asked for the protocol for this type of situation and asked for Henderson's superior. Henderson refused and threatened to put Plaintiff in segregation. Henderson made Plaintiff sit with him for five or ten minutes then said he would speak to the unit sergeant. Henderson asked if Plaintiff wanted to ride the elevator back down and Plaintiff refused. Plaintiff was dizzy, lightheaded, and had chest pain as he walked down the stairs. He immediately went to medical because he knew something was not right. Plaintiff told Officer Mathis what had happened but he said he did not want to hear it and to go back to the housing unit to talk to the sergeant. Plaintiff had to walk approximately ¼ mile to the unit by himself, while in pain.

When Plaintiff got the unit, he went to the sergeant's office where the sergeant and unit manager were waiting. Plaintiff told them what happened and asked for medical treatment. They questioned Plaintiff as though he was lying and Plaintiff said to look at the camera footage. "He" lied and said there are not any cameras up there. (Doc. No. 1 at 8). "He" called to medical to inform them but it was shift change so "they" made Plaintiff' go back to the cell block, then walk up to medical again. (Doc. No. 1 at 8).

When Plaintiff arrived at medical he was turned away because nobody had informed them that Plaintiff was coming. Plaintiff went back to the block again and medical said they needed to

see him but Plaintiff could not walk any further. He had severe chest pain and asked the sergeant for a wheelchair. Plaintiff was then taken to medical by an inmate in the wheelchair. They began running tests and could not draw blood. Plaintiff was given a nitroglycerine pill to ease his pain and his blood pressure started to drop. When the doctor came in, he went over the test results and called for an ambulance. Plaintiff was taken to the hospital in an ambulance and was treated. This occurred over a two-hour period.

He seeks damages for his mental state, nightmares, and headaches, and the institution of criminal charges against the individuals involved.

**II.     STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, the Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

**(a) Avery-Mitchell C.I.**

The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Therefore, neither the NC DPS nor any of its facilities are "persons" under § 1983. See Fox v. Harwood, 2009 WL 117890 at *1 (W.D.N.C. April 24, 2009).

The Avery-Mitchell C.I., which is an agency of the State, is not a person pursuant to § 1983 and therefore, the claims against it are dismissed.

**(b) <u>John Does</u>**

John Doe suits are permissible only against "real, but unidentified, defendants." <u>Schiff v. Kennedy</u>, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." <u>Njoku v. Unknown Special Unit Staff</u>, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." <u>Schiff</u>, 691 F.2d at 197-98 (because it appeared that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted).

Plaintiff names as Defendants the Sergeant on Duty and Captain on Duty, but he does not provide these individuals' names or any further information that would help identify them. Service of process on these individuals is impossible at present so the claims against them will be dismissed at this time.

**(c) <u>No Allegations</u>**

The Federal Rules of Civil Procedure require a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). Conclusory allegations, unsupported by specific allegations of material fact are not sufficient. <u>Simpson v. Welch</u>, 900 F.2d 33, 35 (4th Cir. 1990). A pleader must allege facts, directly or indirectly, that support each element of the claim. <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 201-02 (4th Cir. 2002).

Plaintiff names "Mr. Walldroop" as a Defendant but fails to make any factual allegations against him including his role in the alleged incident. Therefore, the claim against Mr. Walldroop is dismissed.

**(d) Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations against individuals not named as Defendants are therefore dismissed without prejudice.

**(2)   Cruel and Unusual Punishment**

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v.

Chapman, 452 U.S. 337, 349 (1981)). Thus, prison official must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer, 511 U.S. at 832-34. Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). To establish the imposition of cruel and unusual punishment, a prisoner must prove two elements: (1) "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "subjectively the officials act[ed] with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quotation omitted).

**(a) Conditions of Confinement**

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298 (citing Rhodes, 452 U.S. at 347).

Plaintiff alleges that he had to wait for an elevator for 15 minutes, then became stuck in the elevator for between 45 minutes and an hour. This condition is not objectively serious enough to implicate the Eighth Amendment. Therefore, this claim will be dismissed.

**(b) Serious Medical Need**

To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff

7

must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Plaintiff alleges that he suffers from high blood pressure and gout. He became distraught while he was stuck in the elevator for 45 minutes to an hour, he had a panic attack, chest pain, and shortness of breath which caused him to pass out twice. Once he was out of the elevator, he sat down with Henderson for five or ten minutes, who offered to let him ride the elevator back downstairs, and said he would speak to the sergeant. Plaintiff declined the elevator ride and walked downstairs. Plaintiff walked to the sergeant's office while he was in pain and asked the sergeant and unit manager for medical treatment. A shift change was underway so they told him to go to the cell block and return to medical later. Plaintiff was initially turned away from medical because nobody said he was coming, so he went back to his cell block. He was unable to walk any further, asked for a wheelchair, and was wheeled to medical by another inmate. At medical, he was given nitroglycerine, tests were run, and when the doctor came in, he was taken to the hospital via ambulance.

Assuming that Plaintiff had a serious medical need, nothing in the foregoing sequence of

events shows that Defendants deliberately deprived Plaintiff of needed medical care, or that the two-hour delay between becoming stuck in the elevator and being transported to the hospital was due to anything other than negligence.

Therefore, Plaintiff's deliberate indifference claim will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.
3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge